

U.S. Department of Justice

United States Attorney
District of New Jersey
Criminal Division

970 Broad Street, Suite 700
Newark, New Jersey 07102

general number: (973) 645-2700
telephone: (973) 645-2718
fax: (973) 297-2094
e-mail: andrew.leven@usdoj.gov

ADL/CD/KD PL AGR
2018R00036

June 29, 2018

Edward W. Cillick, Esq.
Cillick & Smith

19-394

Re: Plea Agreement with Steven Kang

Dear Mr. Cillick:

This letter sets forth the plea agreement between your client Steven Kang and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from the defendant to a two-count Information that charges him with: (1) one substantive count of bank fraud; and (2) one substantive count of wire fraud affecting a financial institution, in violation of 18 U.S.C. §§ 1344 and 1343, respectively. If Steven Kang enters a guilty plea and is sentenced on these charges, and if he otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Steven Kang concerning his activities undertaken during the period in or about January 1, 2013 through August 31, 2017 in connection with short sales of real properties located in the State of New Jersey. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Steven Kang agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Steven Kang may be commenced against him, notwithstanding the expiration of the limitations period after Steven Kang signs the agreement.

Sentencing

The violations of 18 U.S.C. § 1344 and § 1343 to which Steven Kang agrees to plead guilty each carry a statutory maximum prison sentence of 30 years, and a statutory maximum fine equal to the greatest of (1) $1,000,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. These sentences may be ordered to be served consecutively, and fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Steven Kang is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Steven Kang ultimately will receive.

Further, in addition to imposing any other penalty on Steven Kang, the sentencing judge (1) will order him to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order him to pay restitution, pursuant to 18 U.S.C. § 3663 et seq.; (3) may order him, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (4) pursuant to 18 U.S.C. § 3583, may require the defendant to serve a term of supervised release of not more than five (5) years per count for the violations of 18 U.S.C. § 1344 and § 1343, which will begin at the expiration of any term of imprisonment imposed. Should Steven Kang be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, he may be sentenced to not more than three (3) years' imprisonment per count of violations of 18 U.S.C. § 1344 and § 1343, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Steven Kang by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement, and (2) the full nature and extent of Steven Kang's activities and relevant conduct with respect to this case.

### Stipulations

This Office and the defendant agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Steven Kang from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and the defendant waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Defendant agrees that as part of his acceptance of responsibility, he will consent to the entry of a forfeiture money judgment (the "Forfeiture Money Judgment"). The parties agree that the proceeds the defendant obtained as a result of the offenses charged in the Information are a minimum of $1,000,000 in United States currency. The parties further agree that the amount of Forfeiture Money Judgment entered against the defendant will be no less than $1,000,000, with the final amount of the Forfeiture Money Judgment to be stipulated by the parties or ordered by the court at sentencing. In the event the Office and Defendant fail to reach an agreement on the amount of the Forfeiture Money Judgment prior to sentencing, the amount of the Forfeiture Money Judgment will be determined by the Court prior to or at the time of sentencing, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant acknowledges that the Forfeiture Money Judgment is subject to forfeiture (i) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as all property, real and personal, that constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. § 1343, and (ii) pursuant to 18 U.S.C. § 982(a)(2), as all property, real and personal, that constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. § 1344, and consents to the entry of a forfeiture money judgment in that amount (the "Forfeiture Money Judgment").

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date Defendant enters a plea of guilty pursuant to this agreement, Defendant shall cause said check to be hand delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If Defendant fails to pay any portion of the Forfeiture Money Judgment on or before the date of his sentencing pursuant to this agreement, Defendant consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the Forfeiture Money Judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Defendant agrees to disclose, prior to the entry of his guilty plea, all of his assets to the United States on the Financial Disclosure Statement provided to Defendant simultaneously with this plea agreement. Defendant agrees that if the government determines that Defendant has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, Defendant

4

consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that Defendant owns or in which Defendant has an interest be discovered, Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. Defendant further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

Defendant further agrees to waive all interest in the Forfeiture Money Judgment and any other forfeitable assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Defendant hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

## Immigration Consequences

Steven Kang understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

5

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against the defendant. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against the defendant.

No provision of this agreement shall preclude the defendant from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that he received constitutionally ineffective assistance of counsel.

### No Other Promises

This agreement constitutes the plea agreement between Steven Kang and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

5/30/19

CRAIG CARPENITO
United States Attorney

By: Andrew Leven
Assistant U.S. Attorney

APPROVED:

David Eskew
Chief, Healthcare & Government Fraud Unit

Date 6/29/2018

I have received this letter from my attorney, Edward W. Cillick, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 8-31-18
Steven Kang

5-30-19

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 8/31/18
Edward W. Cillick, Esq.

Edward W Cillick   5/30/19

7

## Plea Agreement With Steven Kang

### Schedule A

1. This Office and Steven Kang recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Steven Kang nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Steven Kang within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Steven Kang further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2017 applies in this case.

### Count One – Bank Fraud

3. The applicable guideline is U.S.S.G. § 2B1.1, which guideline carries a Base Offense Level of 7.

4. The loss amount to the victims of these offenses from these two offenses and from conduct relevant to them under USSG § 1B1.3 was more than $1,500,000 and less than $3,500,001. This results in an increase of 16 levels. U.S.S.G. §§ 2B1.1(b)(I).

5. A substantial part of the fraudulent scheme involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means, resulting in an increase of 2 levels. U.S.S.G. §§ 2B1.1 (b) (10).

### Count Two - Wire Fraud

6. The applicable guideline is U.S.S.G. § 2B1.1, which guideline carries a Base Offense Level of 7.

7. The loss amount to the victims of this offense and from conduct relevant to it under USSG § 1B1.3 was more than $1,500,000 and less than $3,500,001. This results in an increase of 16 levels. U.S.S.G. §§ 2B1.1(b)(I).

8. A substantial part of the fraudulent scheme involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means, resulting in an increase of 2 levels. U.S.S.G. §§ 2B1.1 (b) (10).

8

### Multiple Counts Analysis

9. Counts 1 and 2 of the Information involve substantially the same harm and group as closely related counts pursuant to U.S.S.G. § 3D1.2(d).

10. Pursuant to U.S.S.G. § 3D1.4(a), the adjusted offense level is 25.

### Miscellaneous

11. As of the date of this letter, Steven Kang has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Steven Kang's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

12. As of the date of this letter, Steven Kang has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Steven Kang enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Steven Kang's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Steven Kang will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

13. In accordance with the above, the parties agree that the total Guidelines offense level is 22.

14. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth in the Complete Agreement. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

15. Steven Kang knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 22. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range

that results from the agreed total Guidelines offense level of 22. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

16. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.