**Alan Silber**
Of Counsel
Asilber@pashmanstein.com
Direct: 201.639.2014

PashmanStein
WalderHayden
A Professional Corporation

June 3, 2020

***Via ECF***
Honorable William J. Martini
United States District Judge
50 Walnut Street
Newark, NJ 07102

> ***Re:   United States v. Steve Young Kang***
> ***19-CR-394***

Dear Judge Martini:

In my May 27 letter to the Court seeking a continuance of the scheduled sentence date of June 25, 2020, I wrote "We also want to inform the Court that we will file a motion in the near term seeking to have Stipulation #14 in the Plea Agreement be deemed 'non-binding'. We will also seek a hearing on the methodology used to set the restitution amount in the Pre-Sentence Report (paragraph 99)."   In response to my letter, the Court set Friday, June 5, 2020, for filing those motions, required the government to respond by Wednesday, June 10, 2020 and advised that the Court would render its decision (it was unclear to me if the Court anticipated oral argument) at sentencing on June 25, 2020.  In fact, we filed our motions on Friday, May 29, a full week before the court's required date.  Today we received a notice that the sentence has been adjourned.

In my view, our motions are somewhat novel.  We set forth a Due Process argument that when the government drafts a Plea Agreement with a provision that allows the government, in its sole discretion, to avoid any stipulation if it receives "evidence or information prior to

Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

Phone: 201.488.8200
Fax: 201.488.5556
www.pashmanstein.com

*Honorable William J. Martini*
*June 3, 2020*
*Page 2*

sentencing that it determines to be credible and materially in conflict with any stipulation in the attached schedule A," Due Process mandates that the defendant be accorded the same right. Then, we point to four important pieces of evidence and information that are indisputably credible and are completely and materially in conflict with stipulation #14 of Kang's plea agreement (Point I of our brief in support of all 3 motions).

We also set forth a separation of powers argument, grounded on the proposition that advocacy is for the benefit of the Court to help decide issues. Thus, a defendant cannot waive the court's right to hear and consider that advocacy as part of what it considers in determining the sufficient but not greater than necessary sentence. Congress has commanded that a sentencing judge determine the specific number of months of incarceration that is sufficient but not greater than necessary to vindicate the statutory purposes of sentencing. Congress has determined that defines the right sentence. Stipulation #14 is the executive branch's attempt to keep from the sentencing court valuable advocacy by the person (defense counsel), with the most knowledge of his client's case, as to not only the amount of months that meet the statutory definition of the right sentence, but even more importantly, for the reasons that number is sufficient but not greater than necessary. Considering Congress's command for sentencing judges to consider the nature and circumstances of the offense as well as the history and characteristics of the defendant in determining what is sufficient but not greater than necessary, Stipulation #14 is an unconstitutional violation of the doctrine of separation of powers, and an obvious attempt to contain sentences within the guidelines -- again. (Point II).

*Honorable William J. Martini*
*June 3, 2020*
*Page 3*

Our second motion obliterates the government's theory for restitution (Point III).  Briefly, the government's calculation takes the amount of the subsequent sale by the hardship purchaser, deducts the hardship sale price and argues that the difference constitutes the amount of the bank loss, and is therefore the restitution amount.  However, virtually each of the 10 properties alleged to be part of the scheme to defraud the banks was held for many months -- sometimes for as much as a year -- and were dramatically and legitimately improved by renovations, knocking down the existing structure and building a new more valuable structure.  Our brief points out how most of the so-called losses were actually the legitimate addition to the value of the properties, and, therefore clearly not losses to the bank.  It is beyond transparent that the government's calculations are completely inaccurate.

Consider the conundrum for a defense lawyer, who enters the case after the Plea Agreement has been signed and the guilty plea entered.  The entire plea agreement seems constructed around the 16-level enhancement for the loss, which leads to an offense level 22 (after acceptance of responsibility) -- 41 to 51 months.  The restitution amount and the loss amount are identical not only amount but also in the same (terribly flawed) method of calculation. (PSR Comparing ¶ 28 with ¶ 99).  Thus, the 16-level enhancement in the guideline calculation is only as accurate and reliable as the restitution calculation, which is demonstrably useless.  Therefore, that issue cannot wait until after Kang is sentenced (though we acknowledge that is the normal course).

*Honorable William J. Martini*
*June 3, 2020*
*Page 4*

We need the discovery sought if we are to calculate an appropriate amount of restitution. Therefore, we need a decision, and the discovery if the decision grants it, well before sentencing. (Point IV)

Specifically, we seek a revised briefing schedule for the pending motions, which allows for a movant's reply, oral argument (zoom is fine) and a decision far enough in advance of a new sentence date that allows for a thorough study of whatever discovery the Court may grant.

Respectfully Submitted,

Pashman Stein Walder Hayden

*/s/ Alan Silber*
ALAN SILBER
AS/veo

cc:   Charlie L. Divine SAUSA (via ECF)
      Kevin DiGregory SAUSA (via email Kevin.DiGregory@fhfaoig.gov)