## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** | No. 19-cr-394 |
| v. | |
| **STEVE YOUNG KANG** | **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.**

    Before the Court are three motions: (1) Defendant's motion to strike Stipulation 14 of the Plea Agreement; (2) Defendant's motion for a contested restitution hearing; and (3) motion for discovery related to restitution. ECF No. 17. For the reasons stated below, Defendant's motions are **DENIED**.

    **I.**    **BACKGROUND**

    On August 31, 2018, the Government and Defendant Kang entered into a plea agreement which provided that Defendant would plead guilty to a two-count information charging him with one count of bank fraud and one count of wire fraud. ECF No. 5 ("Plea Agreement") at 1. In return for the entry of the guilty plea and sentencing, the Government agreed that it would not pursue any more criminal charges related to short sales of real estate in New Jersey over the alleged four-and-a-half-year period. *Id*. The agreement provided that, "This Office and Steven Kang . . . agree that the Court should sentence Steven Kang within the Guidelines range that results from the total Guidelines offense level set forth below" and that "neither party will argue for the imposition of a sentence outside the Guidelines range that results form the agreed total Guidelines offense level." *Id.* at 8, ¶ 1. The stipulated guideline range is 41 to 51 months. Stipulation 14 of the agreement states, "The parties agree not to seek or argue for any upward or downward departure, adjustment of variance not set forth in the Complete Agreement. The parties further agree that a sentence within the Guidelines that results from the agreed total Guidelines offense level is reasonable." *Id.* at 9, ¶ 14. Finally, the agreement provides, "[T]his agreement to stipulate on the part of this Office is based on the information and evidence that this office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in Schedule A, this office shall not be bound by any such stipulation." *Id.* at 3.

II. **DISCUSSION**

A. **Constitutionality of the Plea Agreement**

Defendant asserts that there are four specific factual circumstances that were developed by sentencing counsel subsequent to the Plea Agreement and entry of the plea: (1) Dr. Atkins's forensic psychological evaluation finding that Kang's circumstances leading to his crime were more psychological than venal, and diagnosed Kang with "a chronic depressive disorder that [h]as been superimposed upon an obsessive-compulsive personality"; (2) community service that Kang has engaged in after he pled guilty; (3) a review of the United States Sentencing Commission statistics demonstrating that almost all similarly situated defendants received sentences of less than 41 months; (4) Kang's age and medical history place him at high-risk of suffering potentially fatal consequences in prison given the ongoing Covid-19 pandemic. Defendant argues that this new information requires that the Court treat the stipulation of his plea agreement precluding arguments for a downward departure from the Guidelines range as non-binding because it is unconstitutional. The Government argues that this stipulation is not unconstitutional, and Defendant has breached the plea agreement by arguing for a variance or downward departure. The Court finds that Defendant's plea agreement does not violate the constitution. Defendant has not breached his plea agreement by raising constitutional claims concerning the validity of various stipulations. Defendant may raise the new evidence to argue for a sentences at the lowest end of the guideline range.

The Court finds that Defendant's plea agreement does not violate the Due Process Clause or the separation of powers. Courts, including the Third Circuit in *United States v. Williams*, 510 F.3d 416, 420-21 (3d. Cir. 2007), have routinely enforced plea agreement clauses identical or similar to the ones at issue here. In *Williams*, the defendant, in both his sentencing memorandum and at the sentencing hearing, argued for both a downward departure and variance in contravention of his plea agreement. *Id.* The Third Circuit vacated the sentence and remanded for resentencing by a different judge. *Id.* The relevant provisions of the Williams plea agreement are similar to Defendant Kang's. First, the plea Agreement in Williams also included a stipulated schedule A. Id. 418-19. The first stipulation in the Williams agreement included the exact same language as Stipulation 1 of Defendant Kang's Plea Agreement, i.e., "[the Government] and [defendant] further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level." *Id.* at 419 (emphasis in original). Second, the Williams plea agreement included language almost identical to Stipulation 14. *Id.* "Williams and the government then agreed 'not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein.'" *Id.*

The Third Circuit's analysis in *Williams* also applies in this case. The court considered the *Williams* plea agreement under contract law. "Under contract principles, a plea agreement necessarily 'works both ways. Not only must the government comply with its terms and conditions, but so must the defendant.'" *Id.* at 422 (quoting *United States v.*

2

*Carrara*, 49 F.3d 105, 107 (3d. Cir. 1995). The court applying contract principles found "[t]he relevant portions of Williams' plea agreement . . . not ambiguous, and thus [found] no reason to construe those portions against the government." *Williams*, 510 F.3d at 423. The Court concludes that Stipulation 14 does not violate the Due Process Clause. The Court also concludes that the plea agreement does not violate the separation of powers because the plea agreement does not preclude the Defendant from presenting potentially relevant information at sentencing or preclude the Court from departing or varying from the sentencing guidelines—Defendant's plea agreement is merely a contract between the executive and the Defendant and does not bind the judiciary. Defendant Kang's Plea Agreement was a classic bargained-for exchange. The parties agreed to Stipulations 1 and 14 as well as the provision allowing the Government to present evidence or information received prior to sentencing materially in conflict with any stipulation in Schedule A. Defendant signed the agreement knowingly and voluntarily and entered his plea before the Court knowingly and voluntarily. Plea Agreement at 7; Transcript of Plea Hearing at 23, *United States v. Kang*, Crim. No. 19-394 (WJM) May 30, 2019.

As a separate matter, Defendant argues that because the Plea Agreement states that "if [the Government] obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation . . . [the Government] shall not be bound by any such stipulation," Plea Agreement at 3, the Government is not bound by Stipulation. The provision allowing the Government to provide additional new information obtained after the Plea Agreement is a contingency that can be acted upon by the Government only when new evidence and new information about a stipulated fact is obtained by the Government after the execution of the agreement. The Court accepted his plea as knowing and voluntary. Kang Plea Tr. at 23. Defendant has cited no case which supports his position that Stipulation 14 is non-binding because the Plea Agreement lacks a parallel provision allowing defendant Kang to provide additional information about a stipulated fact. Even if the Court accepted Defendant's argument that due process requires that he, too, be allowed the contingency of acting on new information materially in conflict with Stipulation 14, the information he has argued as calling for a downward departure does not meet the contingency. As is evident from the Plea Agreement, the entry of the plea and the plea colloquy, Defendant declared and then affirmed that his plea of guilty was knowing and voluntary. ECF No. 3, Minute Entry for Proceeding May 30, 2019; Kang Plea Tr. at 23.

### B. Defendant's Motions Related to Restitution

Defendant Kang challenges the Government's restitution calculation and requests a restitution hearing. If the Court finds that the restitution-related issues raised by Defendant warrant a contested hearing, the Court has the option, pursuant to 18 U.S.C. § 3664(d)(5), to schedule the hearing within 90 days of the final sentencing. 18 U.S.C. § 3664(d)(5) reads, in relevant part:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so

inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing.

If there are any outstanding issues regarding the calculation of restitution, they shall be raised at the sentencing or subsequent thereto.

In light of the fact that Defendant has not responded to the Preliminary PSR, the Court will order that the parties should meet and confer to attempt to arrive at a mutually agreed upon restitution amount. The Court will schedule sentencing for **December 17, 2020 at 1:00 p.m.**, at which time the parties shall apprise the Court of their progress towards agreement on a restitution amount. If no agreement has been reached, Defendant may renew his restitution motions.

### III. CONCLUSION

For the reasons stated above, Defendant's motion to strike Stipulation 14 of the Plea Agreement, ECF No. 17, is **DENIED WITH PREJUDICE.** Plaintiff's remaining motions, ECF No. 17, are **DENIED WITHOUT PREJUDICE**.

        */s/ William J. Martini*
        **WILLIAM J. MARTINI, U.S.D.J.**